UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONAZE GAINES, | ) CASE NO. 1:02 CR 0039 |
| Petitioner, | ) CASE NO. 1:08 CV 2737 |
| v. | ) JUDGE JOHN R. ADAMS |
| UNITED STATES OF AMERICA, | ) <u>MEMORANDUM OPINION AND</u> |
| Respondent. | ) <u>ORDER</u> |

Before the court is pro se petitioner Donaze Gaines's ("Gaines") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 122), as well as the defendant United State of America's (the "government") response in opposition (Doc. 128), Gaines's reply (Doc. 129), and the government's response to Gaines's reply (Doc. 130), Gaines's rebuttal to the government's response (Doc. 132). For the following reasons, the court denies Gaines's motion for relief. Further, because he has not made a substantial showing of the denial of any constitutional right, the court certifies pursuant to 28 U.S.C. § 2253(c)(1)(B), that an appeal from this order would not be well-taken.

I. Background

On February 2, 2002, the grand jury returned a two-count indictment charging Gaines with possession with intent to distribute 9.55 grams of cocaine base ("crack"), in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B); and with being an armed career criminal/felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

After a hearing, the district court denied Gaines's motion to suppress evidence seized during his arrest and the matter proceeded to a jury trial. On July 18, 2002, the jury found Gaines guilty on both counts. On November 12, 2002, the court sentenced Gaines to 327 months incarceration, five years of supervised release, and a $200 special assessment.

Gaines timely appealed. On July 7, 2004, the Sixth Circuit denied Gaines's appeal and affirmed his conviction. On December 3, 2004, Gaines filed a petition for a writ of certiorari with the United States Supreme Court. On January 24, 2005, the Supreme court granted Gaines's petition and remanded the matter to the Sixth Circuit for consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). The Sixth Circuit then remanded the matter to the district court for resentencing pursuant to *Booker*. The district court resentenced Gaines to 300 months incarceration, five years supervised release, and a $200 special assessment. Gaines again appealed. The Sixth Circuit affirmed the judgment on June 28, 2007. Gaines again filed a petition for a writ of certiorari in the United States Supreme Court. On December 5, 2007, the Supreme Court denied Gaines's petition. Gaines filed the instant §2255 motion on November 19, 2008.

II. Standard

Section 2255 of Title 28 of the United States Code, provides that a prisoner who was sentenced by a federal court may file a motion in the "court which imposed the sentence to vacate, set aside, or correct the sentence." *Hill v. United States*, 368 U.S. 424 (1962). A prisoner entitled to relief under that section if he or she can show: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum

authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack." *Id*. In order to prevail on such a motion, the petitioner must demonstrate the grounds for relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

III. Discussion

In his §2255 motion Gaines raises numerous claims of ineffective assistance relative to both his trial and appeal. Specifically, Gaines alleges nine grounds and acknowledges that none of which were raised in any post-conviction motion, petition, or application. Gaines acknowledges that none of the nine grounds for relief were previously presented for judicial review but that the failure is due to ineffective assistance of counsel.

Each of Gaines's claims turn upon his assertion that he received ineffective assistance from his appellate counsel. The Supreme Court has held that "the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim." *Engle v. Isaac*, 456 U.S. 107, 134, (1982). Accordingly, ineffective assistance of appellate counsel claims are governed by the same *Strickland* standard as claims of ineffective assistance of trial counsel. See *Smith v. Robbins*, 528 U.S. 259, 285 (2000). To prevail, Gaines must show that his counsel's performance was deficient and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, Gaines must demonstrate that, but for counsel's poor performance, "there is a reasonable probability" the result of his appeal would have been different. *Id*. at 694. Appellate counsel cannot be found to be ineffective for "failure to raise an issue that lacks merit." *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001). Furthermore, the

*Strickland* analysis "does not require an attorney to raise every non-frivolous issue on appeal." *Caver v. Straub*, 349 F.3d 340, 348-49 (6th Cir. 2003).

Gaines fails to present evidence to support his claims that counsel was ineffective and that he suffered prejudice as a result of the performance of counsel. Instead, Gaines submits only self-serving, conclusory statements regarding the alleged deficiencies of his counsel. The Court will now examine each of Gaines's grounds in turn.

    a. Voir Dire (Ground 1)

In Ground One of his petition, Gaines argues that his trial counsel erred by failing to remove a juror who had indicated she was not sure whether she could be impartial. During voir dire, the court advised the prospective jurors that the case involved allegations relating to crack cocaine and possession of a firearm. The court asked whether any of the prospective jurors possessed feelings relating to either crack cocaine or guns that would affect the juror's ability to assess the elements of the crimes at issue. Juror #6 indicated that she may not be able to be impartial due to her personal experiences. Specifically, Juror #6 stated that she "had several students buried, gone to jail, had crack cocaine and guns" and that she "[has] a nephew in jail, crack cocaine and guns." She further stated that she had "been to funerals, needless funerals, and [has] seen the results of that whole culture with [her] students."

One of the most essential responsibilities of a defense attorney is "to protect his client's constitutional right to a fair and impartial jury by using voir dire to ferret out jurors who are biased against the defense." *Miller v. Francis*, 269 F.3d 609, 615 (6th Cir. 2001). However, the actions of defense counsel during voir dire are presumed to be matters of trial strategy and

cannot serve as the basis of an ineffective assistance of counsel claim unless "counsel's decision is shown to be so ill-chosen that it permeates the entire trial with unfairness". *Id*. at 615–16.

To maintain a claim that a biased juror prejudiced her, for purposes of maintaining an ineffective assistance of counsel claim, a habeas petitioner must show that the juror was <u>actually</u> biased <u>against him</u>. *See Hughes v. United States*, 258 F.3d 453, 458 (6th Cir. 2001) (emphasis added); s*ee also Miller v. Francis*, 269 F.3d at 616 (when a claim of ineffective assistance of counsel is founded on a claim that counsel failed to strike a biased juror, the defendant must show that the juror was actually biased against her). Gaines has failed to show that he was prejudiced by counsel's failure to challenge Juror #6.

Gaines heavily relies on *Hughes* for his proposition that his attorney's failure to remove Juror #6 violated his right to a fair and impartial jury. But the Sixth Circuit is clear that "[a] juror's express doubt as to her own impartiality on *voir dire* does not necessarily entail a finding of actual bias." *Hughes v. United States,* 258 F.3d at 458. In *Hughes*, after the prospective juror unequivocally stated that she would not be able to be fair, neither the court nor the defense attorney conducted any follow-up regarding her statement. *Id*. Here, Juror #6 did not expressly state that she could not be fair in Gaines's trial. Instead, when asked whether her experiences "could ultimately affect [her] decision-making about the facts and evidence in this case[,]" Juror #6 responded, "I have to say I don't know." Although the Court feels that defense counsel *could* have delved deeper into Juror #6's ability to be impartial, the record reflects that the court did inquire as to the juror's impartiality. The Court finds that Gaines's has failed to show that Juror #6 was *actually* biased against him.

Moreover, as the government aptly pointed out, Gaines's trial counsel was active throughout the entirety of the voir dire. Counsel challenged the government's peremptory strikes and exercised peremptory strikes against six prospective jurors and one alternate juror. Gaines has failed to overcome the presumption that his counsel's actions throughout voir dire were part of a reasonable trial strategy and has not demonstrated that his trial counsel's failure to conduct a more comprehensive voir dire substantially undermined the fairness of the trial.

For these reasons, the Court finds that Gaines's trial counsel adequately represented him during voir dire with respect to the questioning of Juror #6. Ground One of Gaines's petition is DENIED.

    b.  Juror #10 (Ground 2 and 3)

In Grounds Two and Three, Gaines argues that his trial counsel was ineffective for not conducting a more thorough voir dire of Juror #10 who indicated that she knew one of Gaines's witnesses and the witness's brother and for violating his right to be present during every stage of the trial by not requesting that Gaines attend the sidebar held during voir dire in respect to Juror #10. During a recess, Juror #10 informed the Court's clerk that she knew one of Gaines's witnesses, but did not know the witness well. Juror #10 further indicated that she knew the witness's brother well. The court discussed the matter with counsel for Gaines and the government outside the presence of the jury and Gaines.

First, there was no violation of Gaines's right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings. As stated by the Sixth Circuit:

> A criminal defendant has a constitutional right to be "present at all stages of the trial where his absence might frustrate the fairness of the proceedings[.]" *Faretta v. California*, 422 U.S. 806, 819 n. 15,

> 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *United States v. Gibbs*, 182 F.3d 408, 436 (6th Cir.1999). Federal Rule of Criminal Procedure 43 builds on this right and mandates that "[t]he defendant shall be present ... at every stage of the trial including the impaneling of the jury and the return of the verdict." Fed.R.Crim.P. 43(a). This right is more extensive than that guaranteed by the Constitution. *Gibbs,* 182 F.3d at 436.

*United States v. Riddle*, 249 F.3d 529, 534 (6th Cir. 2001). However, the violation of a defendant's right to be present at voir dire does not constitute per se error. *Id*. at 535. "Any error in a defendant's voir dire absence is not a defect affecting the framework within which the trial proceeds, nor is it one of those errors that necessarily render[s] a trial fundamentally unfair[.]" *Id*. at 535 (citations and quotations omitted). Instead, "there must be prejudice in the absence to warrant reversal." *Id*. citing *Gibbs*, 182 F.3d at 437. The Sixth Circuit has determined that "[a]n in-chambers conference concerning the dismissal of a juror, while a stage of the trial within the meaning of Rule 43(a) and not excluded by Rule 43(b) or (c), is not a stage of the trial when the absence of the defendant would frustrate the fairness of the trial so long as counsel for the defendant is present." *United States v. Brown*, 571 F.2d 980, 987 (6th Cir. 1978) (citations omitted).

Although the conference regarding Juror #10 did not take place in-chambers, it did occur outside the presence of the jury and Gaines. The Court finds that under *Brown*, Gaines's absence during this conference did render the trial fundamentally unfair. Additionally, Gaines has failed to show that he was prejudiced by not participating in the conference. Therefore, Ground Three of Gaines's petition is DENIED.

Ground Two of Gaines's petition argues that his trial counsel was ineffective by failing to more thoroughly question Juror #10 regarding her familiarity with Gaines's witness and the

witness's brother. As discussed above, Gaines must show that Juror #10 was actually biased against him. *Hughes*, 258 F.3d at 458. However, "[t]here is no constitutional prohibition in jurors simply knowing parties involved or having knowledge of the case." *United States v. Davis*, 306 F.3d 398, 419 (6th Cir. 2002) (citations omitted). Moreover, Gaines's trial counsel's actions during voir dire are presumed sound trial strategy. *Miller*, 269 F.3d at 615. Gaines has failed to demonstrate any bias on the part of Juror #10, nor has he demonstrated that his counsel's decision was "so ill-chosen that it permeate[d] the entire trial with unfairness." *Id.* at 615-616. Wherefore, for the above-stated reasons, Grounds Two and Three of Gaines's petition are DENIED.

   c. Suppression Hearing (Ground 4)

In Ground Four of his petition, Gaines argues that his trial counsel was ineffective for failing to request a hearing under *Franks v. Delaware*, 438 U.S. 154 (1987) to challenge the statements contained in the affidavit which led to the search warrant and, subsequently, Gaines's arrest. The *Franks* Court set out the standard a defendant must satisfy to warrant a hearing as follows:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant.

*Franks*, 438 U.S. at 171. This high initial burden is designed to prevent defendants from abusing the process and to insure that frivolous claims do not result in mini-trials. *Id*. at 170. "Where a defendant makes a sufficient showing to obtain a *Franks* hearing, and is able to show by a preponderance of evidence at the hearing that the affiant lied or acted in reckless disregard of the truth with respect to certain portions of the affidavit, the trial judge is expected to excise those portions and proceed to determine whether the balance of the affidavit is sufficient to support a determination of probable cause." *United States v. Palladino*, 28 F.3d 1214, at *2 (6th Cir. July 13, 1994) (table) (footnotes omitted).

Gaines alleges that the affidavit for the search warrant contained three false and misleading statements: 1) that the officer identified him by running the plate on the vehicle; 2) that the mail addressed to Gaines that was retrieved from the trash identified the address to be searched; and 3) that numerous baggies retrieved by the officer from the trash tested positive for cocaine residue. Gaines argues that absent these three false and misleading statements there would not have been probable cause by the judge to issue the search warrant. Gaines states that he made his counsel aware of the false statements but that his counsel failed to properly investigate or litigate his Fourth Amendment claims by failing to request a *Franks* hearing.

In *Kimmelman v. Morrison*, 477 U.S. 365, 375, the Supreme Court stated that "[w]here defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice" under *Strickland*'s second prong. Gaines has not demonstrated that his underlying Fourth Amendment claim is

meritorious; and the Court finds that none of the three challenged statements were false or misleading.

First, the officer did not state in the affidavit that he identified Gaines by running the plate of the black Infinity.  Rather, a Confidential Reliable Informant (CRI) had told the officer that Gaines drove a black Infinity vehicle and stated that Gaines lived in the upstairs unit of a multi-family dwelling located directly behind Master Plan Bar on Euclid Avenue. The officer went to the location of the dwelling and observed a black Infinity parked in the driveway.

Second, the officer did not state in the affidavit that the mail obtained from the dwelling's trash with Gaines's name on it identified the address as the location to be searched.  Instead, a review of the affidavit demonstrates that the officer indicated he found mail with Gaines's name on it in the trash from the dwelling to be searched. This indicated that Gaines was present in that dwelling, not that he received his mail there.

Third, the officer did not indicate in the affidavit that numerous baggies taken from the trash of the dwelling tested positive for cocaine residue. Instead, the officer stated that he found numerous baggies with *suspected* cocaine residue and that the baggies were analyzed and tested positive for cocaine residue.  Moreover, the officer stated that in his training an experience the numerous plastic baggies and ripped baggies that were found were indicative of a drug trafficker purchasing a large quantity of cocaine and repackaging it for resale. The officer does not indicate the number of baggies or ripped baggies that tested positive for cocaine. Furthermore, the officer's opinion that the baggies indicated trafficking in cocaine was based on the vast number of baggies and not based on the quantity of the baggies that tested positive for cocaine.

Based upon a thorough review of the affidavit, Gaines cannot satisfy his burden to demonstrate that the challenged statements are false or were made in reckless disregard for the truth.

Even assuming *arguendo* that the three statements challenged by Gaines were false or misleading and that the statements should be excised from the affidavit, the balance of the affidavit is sufficient to establish probable cause. "Probable cause is defined as 'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'" *United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). The test for probable cause is simply whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Lumpkin*, 159 F.3d 983, 986 (6th Cir. 1998) (internal quotation marks omitted). The existence of probable cause must be determined using a "totality of the circumstances" test; that is, the question is whether, given all of the facts known to the police officer, there is a fair probability that contraband or evidence will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

An affidavit in support of "a search warrant need not establish beyond a reasonable doubt that incriminating evidence will be found on the premises to be searched." *United States v. Blakeney*, 942 F.2d 1001, 1025 (6th Cir. 1991). However, probable cause does require a "substantial basis" for concluding that evidence of a crime will be found at the location to be searched. *Id.* (citing *Gates*, 462 U.S. at 238). The issuing court's probable cause determination is entitled to "great deference" by reviewing courts. *United States v. Leon*, 468 U.S. 897, 914 (1984). A prior court's determination of probable cause, therefore, should be upheld so long as

there was a "substantial basis" for concluding that the search would lead to evidence of a crime. *United States v. Pelham*, 801 F.2d 875, 877-78 (6th Cir. 1986).

Gaines previously attacked the sufficiency of the affidavit on appeal and the Sixth Circuit determined that there was probable cause to issue the warrant. The Sixth Circuit found that: "(1) Gaines lived where the informant said he did; (2) Gaines had an outstanding Sandusky drug-related arrest warrant, as the informant had predicted; (3) Gaines drove the type of car the informant had predicted; (4) Gaines's trash contained baggies with cocaine residue; and (5) Gaines had a history of drug-related convictions." Doc. 96. Even after removing the challenged statements from the affidavit, this Court finds that there was probable cause to issue the search warrant. Gaines has failed to demonstrate that he was entitled to a *Franks* hearing.

For these reasons, Ground Four of Gaines's petition is DENIED.

    d. Jury Instructions (Ground 5)

In Ground 5 of his Petition, Gaines alleges that his trial counsel was ineffective by failing to request a limiting jury instruction on the voluntariness of the statements he made to law enforcement prior to trial. As a general rule a criminal defendant "is entitled to instructions on every theory which he puts forward and supports by evidence." *United States v. Dye*, 508 F.2d 1226, 1231 (6th Cir. 1974) citing *Marson v. United States*, 203 F.2d 904, 912 (6th Cir. 1953). During trial, the government introduced statements made by Gaines to law enforcement officers during which he confessed that the drugs and firearms found during the search were his. Although Gaines argues that his counsel failed to request a limiting instruction, he also claims that he counsel failed to attack the trustworthiness of his statements. Gaines also claims that his

counsel's failure to attack the voluntariness of these statements amounts to ineffective assistance of counsel.

The record shows that Gaines voluntarily spoke with law enforcement and cooperated in a related investigation. Moreover, Gaines's trial counsel had previously questioned the voluntariness of the statements during the suppression hearing. Not attacking them again during the trial could, clearly, have been for strategic reasons.

Here, Gaines would not have been entitled to a limiting jury instruction on the voluntariness of his statements.  The evidence presented at trial does not support such an instruction.  Moreover, Gaines's trial counsel was clearly aware of Gaines's assertion that he was coerced into confessing, as counsel attached the statements during the suppression hearing. The Court presumes that not doing so again at trial was strategy. Perhaps attacking the statements in front of the jury would have had an adverse effect. The Court will not play Monday morning quarterback with respect to trial counsel's strategy.

Because Gaines was not entitled to a limiting jury instruction on the voluntariness of his out-of-court statements, his counsel was not ineffective for not requesting one. As such, Ground 5 of Gaines's petition is denied.

    e.  Ground 6

In Ground 6 of his petition, Gaines alleges that his trial counsel erred by the methodology of questions on cross examination. During the cross examination of the government's witnesses Gaines's trial counsel questioned the witnesses regarding Gaines's cooperation and truthfulness throughout the investigation. Gaines now argues that this line of questioning was contrary to his trial strategy, that his statement was coerced and involuntary. This line of questioning

underscores that the trial strategy was not coercion, but, rather, that once caught Gaines cooperated with law enforcement and that the drugs found were for his personal use only.

In *Strickland v. Washington*, 466 U.S. 668, 689 (1984), the Supreme Court instructs that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. Unless the petitioner overcomes the presumption that the challenged action "might be considered sound trial strategy," the Court will not find ineffective assistance. *Id*. (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Gaines has failed to overcome the presumption that his counsel's decision to not attack the voluntariness of his out-of-court statement during trial was anything other than sound trial strategy. Counsel's trial strategy, although it may not have been successful to the degree that counsel had hoped, nevertheless did not fall below the objective standard of reasonableness. Disagreement over trial strategy is not a basis for ineffective assistance of counsel. *Strickland*, 466 U.S. at 689. For these reasons, Ground 6 of Gaines's petition is DENIED.

  f. Cross examination (Ground 7)

In Ground 7 of his petition, Gaines alleges that his counsel made several errors during his trial that amounted to ineffective assistance of counsel. Gaines takes issue with his counsel's cross examination of government witnesses about firearms and Gaines's use of a false identification upon arrest, with his counsel admitting during his closing argument that Gaines

possessed the drugs for personal use, and with his counsel's decision not to file any proposed jury instructions.

It is clear that Gaines's trial counsel's theory was that Gaines was not guilty of possession with intent to distribute. Throughout the trial, counsel presented argument and evidence supporting his theory that the drugs found during the search of Gaines's residence were for Gaines's personal use. Counsel chose this theory only after attempting during the suppression hearing to attack the credibility of the affidavit that lead to the search warrant, the search itself, and the voluntariness of Gaines's statements made to law enforcement prior to the trial. Gaines's trial counsel's cross examinations and closing argument during trial emphasized Gaines's assistance with law enforcement and lack of intent to distribute. Although Gaines may disagree with this strategy, disagreement alone is not the basis for ineffective assistance of counsel.

"A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness." *Hughes*, 258 F.3d at 457. The Court finds that Gaines has not provided evidence sufficient to overcome the presumption that his trial counsel used a sound trial strategy. Although the strategy did not turn out as counsel had hoped, there is no evidence that had he chosen a different strategy, the outcome would have been any different.

Gaines's argument that his trial counsel was provided ineffective assistance of counsel by failing to propose a single jury instruction to the court is simply false. The record reflects that Gaines's trial counsel specifically requested a jury instruction based on the theory that the drugs found during the search were for Gaines's personal use.

For these reasons, Ground 7 of Gaines's petition is DENIED.

> g. Disparity in sentencing for crack cocaine versus powder cocaine and application of Booker and 18 U.S.C. § 3582(c)(2) (Ground 8 and 9)

In grounds 8 and 9 of his petition, Gaines alleges that the court erred in failing to consider the disparity in the sentencing for crack cocaine versus powder cocaine under *United States v. Booker*, 543 U.S. 220 (2005).  It is unclear what error he alleges regarding *Booker*, because Gaines has previously been resentenced under *Booker*.  If his argument is that the court misapplied *Booker* during resentencing, that error should have been brought on direct appeal. Instead, it appears that Gains argues that he is eligible for resentencing[1] under 18 U.S.C. § 3582(c)(2). However, a petition under 28 U.S.C. §2255 is not the proper vehicle for such a request. The proper method for requesting a modification of his current sentence would be through a motion pursuant to 18 U.S.C. § 3582(c)(2).  Accordingly, Grounds 8 and 9 of Gaines' Petition are denied.[2]

IV. Request for Evidentiary Hearing

No hearing is required because "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The "burden is on the petitioner who seeks an evidentiary hearing in proceedings under § 2255 to establish his entitlement to such a hearing by showing the existence of a factual dispute." *Cope v. United States*, 272 Fed. App'x 445, 451 (6th Cir. 2008). In this case the § 2255 Motion can be decided fairly on the record already before the Court. To put the matter another way, Gaines has not adverted to any evidence not already before the Court which would be admissible and which supports his position. Therefore his request for an evidentiary hearing is denied.

---

[1] 18 U.S.C. § 3582(c)(2) does not provide for a full resentencing, but rather, it authorizes a court to modify an otherwise final sentence when certain criteria are met.

[2] On May 4, 2012, Gaines filed a motion to amend his Petition seeking to add a tenth ground of ineffective assistance of counsel nearly 4 years after the filing of the Petition.  The motion is egregiously untimely and DENIED.

V. Conclusion

For the reasons set forth above, Gaines' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. The Court also denies Gaines' request for an evidentiary hearing. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

 February 26, 2013                 ____/s/ Judge John R. Adams_____
 Date                              JUDGE JOHN R. ADAMS
                                   UNITED STATES DISTRICT COURT