UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. 1:02CR39 |
| --- | --- | --- |
| | ) | 1:15CV2282 |
| Plaintiff-Respondent, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | **ORDER ON MOTION FOR** |
| DONAZE GAINES, | ) | **RELIEF UNDER 28 U.S.C. § 2255** |
| Defendant-Petitioner. | ) | |

This matter is before the Court upon Petitioner Donaze Gaines' Motion for Relief under 28 U.S.C. § 2255 (Doc. #49). For the reasons stated, the petition is DENIED.

## I. STANDARD OF REVIEW

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

## II. LAW AND ARGUMENT

Mr. Gaines argues that he is entitled to resentencing because he no longer has the requisite predicate offenses to support an armed career criminal designation under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (the "ACCA"). He also argues that he does not qualify as a career offender under the Guidelines. This Court disagrees.

Mr. Gaines was indicted in 2002 on charges of possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 1), and with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 2). After a remand to the trial court to reconsider Mr. Gaines' original sentence in light of *United States v. Booker*, 543 U.S. 220 (2005), the trial court found Mr. Gaines to be a career offender and an armed career criminal, and sentenced him to 300 months incarceration. Mr. Gaines appealed. The Sixth Circuit affirmed the judgment. Mr. Gaines' petition for writ of certiorari was denied.

Mr. Gaines then filed a petition under 28 U.S.C. § 2255 raising a claim of ineffective assistance of counsel, among other things. The district court denied the motion to vacate and declined to issue a certificate of appealability.

On appeal, the Sixth Circuit granted a limited certificate of appealability. The district court's judgment was affirmed. The Supreme Court denied Mr. Gaines' petition for writ of certiorari.

Presently before this Court is Mr. Gaines' second motion to vacate under 28 U.S.C. § 2255. In this petition, Mr. Gaines asserts that, after *Johnson v. United* States, ___ U.S. ___, 135 S.Ct. 2551 (2015), he is improperly classified as either an armed career criminal or a career offender. For the reasons that follow, this Court disagrees.

The Court first addresses Mr. Gaines' claim that he was improperly sentenced as an armed career criminal under the ACCA. The ACCA establishes a 15-year mandatory minimum sentence for a criminal defendant charged as a felon in possession of a firearm who had at least 3 prior convictions that are either (1) serious drug offenses or (2) violent felonies. 18 U.S.C. § 924(e). A violent felony had three different possible definitions:

2

> (1) an offense that "has as an element the use, attempted use, or threatened use of physical force" (the "elements clause");
>
> (2) generic "burglary, arson, or extortion" (the "enumerated offenses clause"); and
>
> (3) an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause").

18 U.S.C. § 924(e)(2)(B).

The *Johnson* Court held that the residual clause of the ACCA is unconstitutionally vague. *Johnson*, 135 S.Ct. at 2557. The new rule of constitutional law announced in *Johnson* is retroactive in all ACCA cases. *See In re Watkins*, 810 F.3d 375, 379-384 (6th Cir. 2015).

At issue here is whether Mr. Gaines' prior convictions under the former Ohio aggravated burglary statute, R.C. § 2911.11(A)(3), are violent felonies under the ACCA. Mr. Gaines argues that, because the Sixth Circuit has held that a violation of the former aggravated burglary statute was a residual clause offense, it can no longer qualify as an ACCA predicate following *Johnson*. *See United States v. Cooper*, 302 F.3d 592 (6th Cir. 2002). In essence, Mr. Gaines asserts that a previous finding by the appellate court that an offense fell under the now-invalid residual clause precludes this Court's ability to determine whether the offense qualifies as an ACCA predicate under the elements clause or the enumerated offenses clause. This Court disagrees.

The Sixth Circuit's decision in *United States v. Fountain*, 643 Fed. Appx. 543 (6th Cir. 2016) (unpublished) is informative. In *Fountain*, the district court had classified the defendant's conviction for the former version of aggravated burglary under the residual clause. *Id.* at 547. Since the residual clause was valid at the time of sentencing,

3

there was no need for the sentencing court to employ the modified categorical approach and examine the *Shepard* documents. *Id.* Following *Johnson's* invalidation of the residual clause, the Sixth Circuit remanded for resentencing and review of the *Shepard* documents "to allow inquiry into whether Fountain's previous aggravated-burglary conviction qualifies as an enumerated offense." *Id.* at 547-548. Thus, it appears that the Sixth Circuit would permit a trial court to reconsider an ACCA enhancement issued under the residual clause to determine whether the predicate offense(s) would qualify as violent felonies under the remaining ACCA clauses.

In this matter, the government argues that Mr. Gaines' aggravated burglary convictions are valid ACCA predicate offenses under the enumerated offenses clause. In 1988, Mr. Gaines pled guilty to two separate indictments charging him with aggravated burglary in violation of what is now a former version of R.C. § 2911.11. He also pled guilty to attempted aggravated burglary. The indictments for aggravated burglary charge that Gaines "by force, stealth, or deception trespassed in an occupied structure as defined in Section 2909.01 of the Revised Code, or in a separately secure or separately occupied portion thereof, with the purpose to commit therein a theft offense as defined in Section 2913.01 of the Revised Code, or a felony, and the occupied structure involved is the permanent or temporary habitation of [the victim] in which at the time any person was present or likely to be present."

When Mr. Gaines was convicted, the pre-Senate Bill 2 version of R.C. § 2911.11 provided:

> (A) No person, by force, stealth, or deception, shall trespass in an occupied structure, as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense, as

> defined in section 2913.01 of the Revised Code, or any felony, when any of the following shall apply:
>
> (1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
>
> (2) The offender has a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code, on or about his person or under his control;
>
> (3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present.
>
> (B) Whoever violates this section is guilty of aggravated burglary, an aggravated felony of the first degree.

After Mr. Gaines filed his petition for relief, a court in this district considered whether a prior conviction for aggravated burglary under the pre-Senate Bill 2 statute qualifies as an ACCA predicate offense under the enumerated offenses clause. *United States v. Miller*, 1:07CR451, 2016 WL 3952115 (N.D. Ohio July 22, 2016) (Gwin, J.).

As in this case, the defendant in *Miller* had convictions under an aggravated burglary statute that punished entry into places used for habitation when a person was likely to be present. *Miller*, 2016 WL 3952115 at *3. The court therefore considered whether the Supreme Court's generic definition of burglary in the enumerated clause encompasses this type of burglary. *Id.* To undertake this analysis, the court "'compare[d] the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic crime – i.e., the offense as commonly understood.'" *Id.* (quoting *Descamps v. U.S.*, 1331 S.Ct. 2276, 2281 (2013)). "'The prior conviction qualifies as an ACCA predicate only if the statue's elements are the same as, or narrower than, those of the generic offense.'" *Id.* "In other words, if Ohio's burglary statute

5

punishes conduct beyond what is covered by generic burglary, then it cannot be a predicate enumerated offense." *Miller*, 2016 WL 3952115 at *3.

The *Miller* court recognized that the leading case on the definition of generic burglary is *Taylor v. United States*, 495 U.S. 575, 599 (1990). In *Taylor*, the Court rejected the defendant's argument that ACCA burglary should be limited to occupied structures, and determined that Congress intended a "broader" generic definition of burglary. *Taylor*¸ 495 U.S. at 596-597. "Ultimately, the Court concluded that the generic crime of burglary has 'the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.'" *Miller*, 2016 WL 3952115 at *4 (quoting *Taylor*, 495 U.S. at 599).

The *Miller* court then examined post-*Taylor* jurisprudence. The district court observed that these cases moved away from the Supreme Court's initial focus on whether the burglarized structure was occupied or inhabited, and focused instead on whether a statute punished burglaries of places that were not buildings or other structures. *Miller*, 2016 WL 3952115 at *4. "Federal Courts have parsed *Taylor* and its progeny to conclude that if a place such as a tent or vehicle is punished under a burglary statute, the statute cannot be a predicate offense under the ACCA." *Id.* (quoting *Mathis*, ___ U.S. ___, 2016 WL 3434400 (June 23, 2016)). The court then noted that the Supreme Court has not, however, addressed whether a burglary definition which punishes entry into occupied locations falls within generic burglary, irrespective of whether the location is a building or a vehicle. The court concluded that "[t]he most natural reading of *Taylor* is that it does." *Miller*, 2016 WL 3952115 at *4. Because the Supreme Court intended for the ACCA to punish the generic or most common form of the crime, "[i]t would be

6

nonsensical to conclude that the most traditional and well-understood form of burglary – entry into an occupied location with the intent to commit a crime inside – was now excluded because the occupied location was not a building."

The defendant in *Miller* argued that because "occupied structure" in R.C. § 2909.01 includes "any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent or other structure, vehicle, or shelter, or any portion thereof," Ohio's aggravated burglary statue is broader than generic burglary. *Id.* at *5. The court observed that "[t]he Sixth Circuit has found that Miller's argument holds water where the 'occupied structure' definition is used in Ohio's *general* burglary statute without reference to habitation or the likelihood of a person being in the structure." *Id*. (citing *United States v. Coleman*, 655 F.3d 480, 482 (2011)). However, the court distinguished Ohio's aggravated burglary statute. The court found that the inclusion of the requirement of "permanent or temporary habitation of any person, in which at the time any person is present or likely to be present" in the aggravated burglary statue brought aggravated burglary within the generic definition of burglary. *Miller*, 2016 WL 3952115 at *5. "The Supreme Court's efforts to provide a broader definition – even if couched in the language of 'buildings and other structures' – still include these core burglaries of occupied locations." *Id*. The court held that "[b]ased on *Taylor*'s description of traditional burglary, the location's use as a temporary or permanent habitation where a person is likely to be present brings a burglary into the generic definition, regardless of the structure being burglarized." *Id*.

Regarding subsection (A)(3) aggravated burglary, under which the defendant in this case and in *Miller* were convicted, the court observed that (A)(3) aggravated burglary

7

requires that the location be the "'permanent or temporary habitation of any person' *and* that 'at the time any person is present or likely to be present.'" *Id.* at *6 (citing R.C. § 2911.11(A)(3)). "The Ohio Supreme Court has held that this conjunctive requirement is a separate element from the disjunctive descriptions in subsection (B) and (D) of the occupied structure definition." *Id.* (citing *State v. Wilson*, 388 N.E.2d 745, 749-750 (Ohio 1979)). The court concluded that because the burglarized location must be (1) a habitation with (2) a person likely to be present, "a distinct element separates burglary from non-aggravated burglary." *Miller*, 2016 WL 3952115 at *6. "As a result, the Sixth Circuit's holding that 'occupied structure' makes non-aggravated burglary broader than generic burglary does not dictate the holding in this case." *Id.*; *see also United States v. Barclay*, No. 5:13CR003, 2016 WL 3753088 (N.D. Ohio July 11, 2016) (Gwin, J.) (holding same).

Under the *Miller* court's reasoning, an aggravated burglary conviction under R.C. § 2911.11(A)(3) fits within the Supreme Court's definition of generic burglary. This Court believes that *Miller*'s reasoning is sound and agrees with the holding in that case. Therefore, this Court holds that Mr. Gaines' convictions under the 1988 aggravated burglary statute qualify as violent felonies under the enumerated offenses clause and therefore are valid predicate offenses under the ACCA.

The Court next turns to Mr. Gaines' contention that his career offender status is no longer warranted post-*Johnson*. Mr. Gaines is mistaken. Following the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886, 890 (2017), the Guidelines are not subject to vagueness challenges. *See also United States v. Patterson*, __ F.3d __, 2017 WL 1208425, *5 (6th Cir. 2017). Specifically, the Supreme Court held that the

8

advisory Guidelines' residual clause remains valid after *Johnson*, because the advisory Guidelines (unlike the ACCA) "do not fix the permissible range of sentences" and thus "are not subject to a vagueness challenge under the Due Process Clause." *Beckles*, 137 S.Ct. at 892. Accordingly, Mr. Gaines' career offender status is unaffected, to the end that Mr. Gaines sentence would be unchanged even if he was no longer an armed career criminal under the ACCA.

For the reasons stated herein, Mr. Gaines has sufficient predicate convictions to support his ACCA sentence. Further, his status as a career offender is unaffected by *Johnson*. Mr. Gaines' petition for relief is denied.

### III.  **CONCLUSION**

For the reasons stated, Mr. Gaines' Motion for Relief under 28 U.S.C. § 2255 (Doc. #49) is DENIED. This Court certifies that the petitioner could, in good faith, take an appeal on the question of whether aggravated burglary under the former R.C. § 2911.11(A)(3) can serve as a predicate offense under the ACCA.

**IT IS SO ORDERED.**

                                        _s/John R. Adams_
                                        JOHN R. ADAMS
                                        UNITED STATES DISTRICT JUDGE

**DATED**: _5/8/17_