# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:02CR39 |
| Plaintiff-Respondent, | : | |
| | : | JUDGE JOHN R. ADAMS |
| vs. | : | |
| | : | **DEFENDANT'S SENTENCING** |
| DONAZE GAINES, | : | **MEMORANDUM** |
| Defendant-Petitioner. | : | |

Defendant Donaze Gaines, through counsel, respectfully submits the instant Sentencing Memorandum for this Court's consideration in determining the appropriate sentence at his June 13, 2019 resentencing hearing under the First Step Act. Mr. Gaines asks for a sentence "sufficient but not greater than necessary" to achieve the statutory goals of sentencing under Title 18, United States Code §§ 3553(a) and 3661. Specifically, he asks for immediate release as argued in his motion for relief under the First Step Act, which the government does not oppose. (Doc. 168, FSA Mtn.). Support for this Sentencing Memorandum is set forth in the attached memorandum.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

/s/ *Claire R. Cahoon*
CLAIRE R. CAHOON
Attorney at Law
Ohio Bar: 0082335
Officer of the Federal Public Defender
617 Adams St., 2nd Floor
Toledo, OH 43604
Phone: (419) 259-7370
Fax: (419) 259-7375
Email: claire_cahoon@fd.org

**MEMORANDUM**

I.   **INTRODUCTION**

In 2002, Mr. Gaines was convicted at trial on one count of possessing 9.55 grams of crack cocaine with intent to distribute and one count alleging he qualified as a career offender under 18 U.S.C. § 924(e). (Doc. 51, Verdict). At that time, he was subject to a mandatory Guideline range of 262 to 327 months of incarceration. He was sentenced by then active Judge O'Malley to 327 months of incarceration. (Doc. 77, Judgment).

Mr. Gaines appealed his conviction, and ultimately the Supreme Court granted certiorari in his case and remanded it to the Sixth Circuit for further consideration following *Booker v. United States*. (Doc. 101, Writ of Cert.). The Sixth Circuit then remanded the case for a resentencing, and Mr. Gaines' judgment was amended to 300 months of incarceration. (Doc. 110, Am. Judgment).

Mr. Gaines attempted to challenge his ACCA and career offender status unsuccessfully post-*Johnson*. In early 2019, he filed an unopposed motion requesting sentencing relief following the passage of the First Step Act of 2018. (Doc. 168, FSA Mtn.). This Court has now scheduled Mr. Gaines for resentencing on June 13, 2016, and a prevised PSR issues on February 28, 2019. (Doc. 170, PSR).

II.  **REVISED ADVISORY SENTENCING GUIDELINES**

Probation prepared a revised presentence investigation report in this case, but it did not include the discretionary revised Guidelines under the First Step Act. Because application of the Act is discretionary fort his Court, undersigned counsel did not file objections to the PSR. Although the revised calculations under the First Step Act were provided to this Court in Mr. Gaines' motion for relief, there are provided again here for this Court's convenience.

### A. Probation Calculations

Base Offense Level: 26

Possession of a Dangerous Weapon: +2

ACCA and CO enhancements: 34

Total Offense Level: 34

(Doc. 170, PSR, Page ID 724).

As articulated by Probation in 2017, Mr. Gaines' criminal history score is 17, which is the equivalent of a criminal history category VI. (*See* Doc. 170, Rev. PSR, Page ID 731). With a total offense level of 34 and a criminal history category of VI, Probation asserts Mr. Gaines's advisory Guideline sentencing range is 262 to 327 months of incarceration with a statutory mandatory minimum sentence of 15 years under 18 U.S.C. § 924(E). U.S.S.G., Chapter Five, Sentencing Table. (Doc. 170, PSR, Page ID 736).

### B. Unopposed Defense Calculations

The government and Mr. Gaines agree that the calculations below are correct following passage of the First Step Act:

Base Offense Level: 26

Possession of a Dangerous Weapon: +2

ACCA and CO enhancements: 32

Total Offense Level: 33

(*See* Doc. 168, FSA Mtn.). With a criminal history category of VI, Mr. Gaines advisory sentencing Guideline range following the First Step Act is 210 to 262 months of incarceration.

Mr. Gaines was arrested in February 12, 2002. (Doc. 170, PSR, Page ID 719). As a result, he has been in custody for 17 years and four months – or 252 months of incarceration. The parties

believe the a sentence under the revised Guidelines, when properly calculated by BOP to encompass Mr. Gaines' good time credit, would result in his immediate release from custody. He respectfully asks this Court for a sentence under the revised Guidelines post-First Step Act to allow for his immediate release.

**III. PERSONAL HISTORY AND CHARACTERISTICS**

Mr. Gaines has made good use of his time while incarcerated and has a realistic plan for his life upon release. During his incarceration, Mr. Gaines completed thirty-six different programs successfully. (Ex. A, Certificates, attached). These include a variety of parenting classes, as well as therapeutic and educational programming and job skills.

He has also used his time productively by focusing on his passion for creative writing. Stemming from that passion, Mr. Gaines created a company, New Flavor Books, in which he has self-published nine novels for sale. (Ex. B, New Flavor Books, attached). The venture has been both an excellent creative outlet for Mr. Gaines and a great opportunity to practice the business skills he learned in BOP classes.

In addition to his efforts while incarcerated, Mr. Gaines enjoys a great deal of family and community support. Letters of support from family and friends are attached for this Court's consideration. (Ex. C, Letters, attached). Of particular note, Willie Gibson, Mr. Gaines' brother, writes to this Court that he will employ Mr. Gaines at his business, Carpet Surgeons, upon release. Having immediate employment will be a strong advantage for Mr. Gaines in being successful with reentry.

Mr. Gaines' adult son, Kevin Johnson, writes to this Court to describe the strong and supportive relationship he and his father share, even in spite of Mr. Gaines' incarceration. *Id.* He describes how Mr. Gaines has made substantial efforts to help positively influence his

grandchildren and was also instrumental in setting Mr. Johnson back on the right path when he started to get in trouble as a young man. *Id.* Now 33, Mr. Johnson explains how his father's encouragement helped him to create a better life for himself and not repeat his father's mistakes. *Id*.

His aunt, Beverly Jordan, writes to this Court to describe how Mr. Gaines has "grown, matured, and become much wiser." *Id.* She also describes that Mr. Gaines' mother is very ill and hoping to see her son out of custody before she passes away. *Id.* Mr. Gaines' mother, Carol Gaines, was also able to write to this Court. *Id.* In her letter she describes Mr. Gaines' writing, as well as her ill health. *Id.*

Undersigned counsel previously provided this Court, at its request, with a copy of Mr. Gaines' inmate record from the Bureau of Prisons. The report notes a Lorain County detainer, which has since been resolved. (Ex. D, Detainer Removed, attached). Further, Mr. Gaines' disciplinary history includes four infractions close in time to one another in 2014. During that period, Mr. Gaines was under a great deal of person stress and had a mental health episode that led to his behavior in those disciplinary incidents. He was evaluated and given psychiatric medication, which eased his situation symptoms. As a result, he has had no other serious infractions since then.

Mr. Gaines is lucky to have such substantial support from family and friends. These individuals will help him through the reentry process, and their support will also make recidivism less likely. Mr. Gaines respectfully asks that this Court consider his history and characteristics in crafting an appropriate sentence allowing for immediate release.

5

## IV. CONCLUSION

For the reasons discussed above, Mr. Gaines respectfully requests the Court consider the factors highlighted within in support of a sentence that is "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a).

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

/s/ *Claire R. Cahoon*
CLAIRE R. CAHOON
Attorney at Law
Ohio Bar: 0082335
Officer of the Federal Public Defender
617 Adams St., 2nd Floor
Toledo, OH 43604
Phone: (419) 259-7370
Fax: (419) 259-7375
Email: claire_cahoon@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2019, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

*/s/ Claire R. Cahoon*
CLAIRE R. CAHOON
Attorney at Law

Counsel for Defendant